# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **KENYATTA BROOKS,** | : | CIVIL ACTION NO. 1:12-CV-2045 |
| **Plaintiff** | : | (Judge Conner) |
| v. | : | |
| **WARDEN EARL REITZ,** <br> **LT. SHENK, UNIDENTIFIED** <br> **CORRECTIONS OFFICERS** <br> **JOHN/JANE DOE 1-5; ASSISTANT** <br> **DISTRICT ATTORNEY** <br> **CHRISTYLEE PECK;** <br> **ASSISTANT DISTRICT ATTORNEY** <br> **JAIME KEATING; and** <br> **UNIDENTIFIED ASSISTANT** <br> **DISTRICT ATTORNEYS JOHN/JANE** <br> **DOE 1-3,** | : | |
| **Defendants** | : | |

## MEMORANDUM

Plaintiff Kenyatta Brooks ("Brooks") brings this civil rights action pursuant to 42 U.S.C. § 1983, alleging violations of his rights under the Uniform Criminal Extradition Act, adopted in Pennsylvania, see 42 PA. CONS. STAT. § 9121 *et seq.*, the Federal Extradition Act, 18 U.S.C. § 3182, and the Fourth, Sixth, and Fourteenth Amendments to the United States Constitution. Presently before the court is a motion to dismiss (Doc. 9) filed by defendants Warden Earl Reitz, Lt. Shenk,[1] Christylee Peck, and Jaime Keating (collectively "defendants"). For the reasons that follow, the motion to dismiss will be granted in part and denied in part.

---

[1] Lt. Shenk's first name is not presented in any documents before this court.

I.  **Statement of Facts**

On June 2, 2010, Brooks was sentenced to serve a term of thirty days in the Cumberland County Prison for a driving violation, with a scheduled release date of July 1, 2010.  Shortly before his release, on June 25, a West Virginia Magistrate signed a warrant for Brooks' arrest.  A copy of that warrant was faxed to Cumberland County Prison on June 28, and a detainer was placed on Brooks.  On July 6, 2010, Brooks appeared before the Honorable Wesley Oler, Jr., in the Cumberland County Court of Common Pleas to contest his extradition to West Virginia.  At this hearing, Judge Oler advised Brooks and Defendant ADA Keating that Brooks had a right to contest his extradition to West Virginia.  Judge Oler further advised ADA Keating and Brooks that a Governor's warrant from Pennsylvania would have to be obtained by the Commonwealth within thirty days, and once the warrant was obtained Brooks would have a right to contest his extradition through a habeas corpus proceeding.

On July 20, Brooks and Defendant ADA Peck appeared before Judge Oler in response to the Commonwealth's petition for an extension of time to obtain a Governor's warrant.  During this hearing, ADA Peck was expressly advised by the court that Brooks was contesting his extradition to West Virginia.  On August 31, the Commonwealth obtained a Governor's warrant permitting the delivery of Brooks to an officer of Brooklyn County, West Virginia.  On October 1, Brooks, acting *pro se*, prepared a petition for a writ of habeas corpus and hand delivered a copy to Defendant Warden Earl Reitz and Defendant Lt. Shenk.  Brooks also

mailed the petition to the Prothonotary of Cumberland County. Notwithstanding Brooks' timely application for a writ, on October 11, West Virginia authorities came to the Cumberland County Prison, took Brooks into custody, and extradited him to West Virginia.

Brooks initiated the instant action on October 11, 2012. The complaint alleges that Defendants Reitz and Shenk approved the extradition, knowing it to be illegal and/or acting with deliberate indifference to Brooks' rights under the Uniform Criminal Extradition Act. In the alternative, Brooks contends that when Reitz received the signed Governor's warrant, he contacted the Cumberland County District Attorney's Office, where ADAs Peck and/or Keating advised Reitz to hand Brooks over to West Virginia authorities. Brooks asserts that the defendants acted with "reckless disregard" to his rights.

On December 21, 2012, defendants filed the instant motion to dismiss on grounds of absolute and qualified immunity.

## II.     **Jurisdiction and Standard of Review**

The court has jurisdiction because the complaint presents a question of federal law, see 28 U.S.C. § 1331, and because Brooks alleges that he suffered a deprivation of his federally protected rights under color of state law, see 28 U.S.C. § 1343(a)(3).

Federal Rule of Criminal Procedure 12(b)(6) provides for the dismissal of complaints that fail to assert a claim upon which relief can be granted. FED. R. CIV. P. 12(b)(6). The court must conduct a two-part analysis to determine the

sufficiency of the complaint. First, the court must separate the factual matters alleged from legal conclusions asserted. Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009). The court must take all facts pled in the complaint as true, but may disregard any legal conclusions. Id. at 210-11. Second, the court must determine whether the factual matters alleged in the complaint are sufficient to show that the plaintiff has a "plausible claim for relief." Id. at 211 (quoting Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009)). The analysis is "context-specific" and the court must "draw on its judicial experience and common sense" in making its determination whether the facts averred in the complaint suggest "more than the mere possibility of misconduct." Iqbal, 556 U.S. at 679.

**III. Discussion**

Section 1983 provides a cause of action to redress violations of federal law committed by state officials. See 42 U.S.C. § 1983. Section 1983 is not a source of substantive rights, but merely a method for vindicating those rights otherwise protected by federal law. Gonzaga Univ. v. Doe, 536 U.S. 273, 284-85 (2002); Kneipp v. Tedder, 95 F.3d 1199, 1204 (3d Cir. 1996). To establish a claim under § 1983, the plaintiff must show a deprivation of a "right secured by the Constitution and the laws of the United States . . . by a person acting under color of state law." Id. (quoting Mark v. Borough of Hatboro, 51 F.3d 1137, 1141 (3d Cir. 1995)). Defendants do not dispute that, at all times relevant to the complaint, they were "acting under color of state law."

4

Brooks alleges that by permitting his extradition to West Virginia without a hearing, defendants violated his rights under the Fourth, Sixth, and Fourteenth amendments, the Extradition Clause, U.S. CONST. art. IV, sec. 2, cl. 2, as well as his rights under the Uniform Criminal Extradition Act, 42 PA. CONS. STAT. § 9121 *et seq.*, and the Federal Extradition Act, 18 U.S.C. § 3182.  ADA defendants argue that they are entitled to absolute immunity because they were functioning as advocates for the state.  Defendants Reitz and Shenk argue that they are entitled to qualified immunity.   The court will address these issues *seriatim.*

### A.    **ADA Defendants**

Prosecutors are entitled to absolute immunity from suit for certain actions undertaken in their official capacity.  Imbler v. Pachtman, 424 U.S. 409, 430-31 (1976); Rose v. Bartle, 871 F.2d 331, 343 (3d Cir. 1989).  Absolute immunity attaches to actions "'intimately associated with the judicial phases of litigation,' but not to administrative or investigatory actions unrelated to initiating and conducting judicial proceedings."  Odd v. Malone, 538 F.3d 202, 208 (3d Cir. 2008) (quoting Imbler, 424 U.S. at 430); see also Rose, 871 F.2d at 346 (drawing a distinction between the prosecutor's "quasi-judicial" role and her "administrative/investigative" role).  The Third Circuit has eschewed a bright-line test to determine whether absolute immunity applies, and instead has crafted a case-specific inquiry into "the unique facts of each case . . . requir[ing] careful dissection of the prosecutor's actions."  Odd, 538 F.3d at 210.

Brooks asserts that ADA defendants' actions pursuing extradition were administrative in nature, thus falling outside the sphere of absolute immunity. In Rivera v. Algarin, 350 Fed. App'x 703 (3d Cir. 2009), the Third Circuit held that efforts on the part of the prosecutor to initiate extradition proceedings were prosecutorial in nature, and therefore the prosecutor was entitled to absolute immunity. Id. at 708. Rivera is a non-precedential opinion, but its reasoning is persuasive, and is in accord with other cases ruling that prosecutors are absolutely immune from suit for their actions in choosing to begin extradition proceedings. See e.g., Larsen v. Early, 842 F. Supp. 1310, 1313 (D. Colo. 1994); Arebaugh v. Dalton, 600 F.Supp. 1345, 1350-51 (E.D. Va. 1985). Insofar as he claims that extradition proceedings are effectively administrative – and therefore outside the protection of absolute prosecutorial immunity – Brooks' argument is contrary to this persuasive authority, and it is rejected. ADA defendants are absolutely immune from liability for their conduct at the hearings regarding Brooks' extradition.

Brooks bases his complaint not only on ADA defendants' conduct throughout the extradition proceedings, but also the advice that the ADAs allegedly gave to the Warden and Lt. Shenk, advising them to turn over Brooks to West Virginia authorities. The Supreme Court has held that advising the police falls outside the scope of absolute prosecutorial immunity. See Burns v. Reed, 500 U.S. 478, 493, 495 (1991). ADA defendants' allegedly improper advice to prison officers regarding extradition did not constitute a "quasi-judicial" function and was in the course of

6

administrative or investigatory functions. ADA defendants are not entitled to absolute immunity for legal advice given to Warden Reitz and Lt. Shenk.

### B. **Defendants Reitz and Shenk**

Reitz and Shenk have moved for dismissal on grounds of qualified immunity.[2] The doctrine of qualified immunity shields government officials performing "discretionary functions" if their conduct did not violate a "clearly established statutory or constitutional right[] of which a reasonable person would have known." Wilson v. Layne, 526 U.S. 603, 609 (1999); see also Saucier v. Katz, 533 U.S. 194, 200-01 (2001). If applicable, qualified immunity "entitles the officer to be free of the 'burdens of litigation.'" Doe v. Groody, 361 F.3d 232, 237 (3d Cir. 2004) (citation omitted). A court evaluating a claim of qualified immunity must employ a two-step process: first, the court must determine whether, based on the facts alleged, a constitutional right has been violated; and second, if so, whether the right was "clearly established." Doe, 361 F.3d at 237-38; accord Wright v. City of Phila., 409 F.3d 595, 600 (3d Cir. 2005). A right is clearly established if "it would be clear to

---

[2] In their reply brief, Reitz and Shenk claim for the first time that they are entitled to absolute immunity because they acted pursuant to a facially valid court order – the Governor's Warrant. (See Doc. 15 at 6-7 (citing Hamilton v. Leavy, 322 F.3d 776, 782-83 (3d Cir. 2003))). In their opening brief, Reitz and Shenk raised only a *qualified* immunity argument. Arguments raised for the first time in a reply brief are generally waived because fairness requires that nonmovants have the opportunity to respond to any arguments presented by the movant. Tristate HVAC Equipment, LLP v. Big Belly Solar, Inc., 752 F. Supp. 2d 517, 529 n.8 (E.D. Pa. 2010). Accordingly, the court deems this argument waived, and declines to consider it. Id.

7

a reasonable [official] that his conduct was unlawful in the situation he confronted." Saucier, 533 U.S. at 202.

In Young v. Nickols, 413 F.3d 416 (4th Cir. 2005), the Fourth Circuit recognized that although "a fugitive's ability to challenge extradition is limited . . . law enforcement officials [must follow] the clear mandates of state and federal extradition laws in the apprehension and transportation of fugitives." (alteration in original; citation omitted). Accordingly, the court held that "the arrest and transportation of a fugitive without extradition proceedings" is a cognizable claim under § 1983. It is therefore incumbent upon the court to determine whether Brooks' extradition, as alleged in the complaint, complied with Pennsylvania and federal law.

Pennsylvania has adopted the Uniform Extradition Act. The Extradition Act requires that all demands for extradition be made to the Governor. 42 PA. CONS. STAT. § 9124. If the Governor determines that the subject of the demand should be extradited, he is to sign a warrant that substantially sets forth the facts necessary to assure the warrant's validity. Id. § 9128. Before being turned over to the agents of the demanding state, the prisoner must first be taken before a judge, where he will be informed of the grounds for the extradition demand, of his right to counsel, and of his right to contest the legality of his extradition. Id. § 9131. If the prisoner elects to challenge the extradition, the judge "shall fix" a reasonable time within which the prisoner may apply for a writ of habeas corpus. Id. Once the prisoner applies for the writ, both the prosecutor of the county in which the arrest is made and the

8

agent of the demanding state are given notice of the time and place of the extradition hearing. Id. It is a third degree misdemeanor for an officer to deliver the prisoner to the demanding state under the Governor's warrant "in willful disobedience" of the prisoner's right to a hearing under § 9131. See § 9132.

The Federal Extradition Act, 18 U.S.C. § 3182, provides that a state may demand return of an alleged fugitive from the state to which he has fled by providing an indictment charging him with a crime. Id. The asylum state shall then arrest and secure the fugitive, notify the demanding state's executive authority of the arrest, and deliver him to the agent of the demanding state. Id. If the demanding state's agent fails to claim the fugitive within thirty days of arrest, "the prisoner may be discharged." Id. The burden to determine whether the person demanded is properly charged with a crime and is a fugitive belongs to the Governor of the asylum state, who may make this determination without holding a hearing. United States *ex rel*. Darcy v. Superintendent of County Prisons of Philadelphia, 111 F.2d 409, 411 (3d Cir. 1940). However, if the alleged fugitive believes the extradition to be unlawful, "he may obtain a hearing upon writ of habeas corpus." Id. Compliance with the Federal Extradition Act "is always open . . . to judicial inquiry, on an application for a discharge under a writ of habeas corpus." Wirth v. Surles, 562 F.2d 319, 322 (4th Cir. 1977) (internal citation omitted).

Reitz and Shenk argue that Brooks' rights were not violated because they were presented with facially valid extradition documents, in the form of a warrant from a West Virginia magistrate, a detainer, and a Pennsylvania Governor's

9

Warrant permitting his extradition. (Doc. 10 at 10). They further argue that there is no precedent clearly establishing "that an individual who presents a copy of a petition for habeas corpus to a prison official" may have his extradition stayed, pending a ruling on the petition. (Id. at 11). Brooks argues that Reitz and Shenk had knowledge that he was challenging the legality of his extradition, because he hand delivered his petition for habeas corpus relief. (Doc. 1 ¶ 18, 19).

Brooks has properly alleged a violation of his federally protected rights. Both Pennsylvania and federal law establish that an alleged fugitive has the right to a hearing at which to contest his extradition. See, e.g., Darcy, 111 F.2d at 411; see also Morrison v. Stepanski, 839 F. Supp. 1130, 1136-37 (M.D. Pa. 1993). Brooks has clearly alleged that he was illegally extradited despite his demand for a hearing, and the assurance of Judge Oler that he would receive one. The court notes with interest that Judge Oler, after having been informed of Brooks' extradition, entered an order "confirming" that the extradition took place "without a court order and without benefit of the habeas corpus hearing to which [Brooks] was entitled." (See Complaint, Doc. 1 at ¶ 27). Brooks has alleged that he filed his habeas petition with the Prothonotary of Cumberland County and hand-delivered copies of his petition to Reitz and Shenk. He further alleges that on July 6 and July 20, 2010, he informed Judge Oler of his desire to have a hearing, thereby placing all defendants on notice that he was challenging his extradition. See 42 PA. CONS. STAT. § 9132 (making it a third degree misdemeanor to extradite a fugitive in "willful disobedience" of his statutorily protected rights). "Where the violation of state law causes the

10

deprivation of rights protected by the Constitution and statutes of the United States, a cause of action is stated under 42 U.S.C. § 1983." Wirth, 562 F.2d at 322 (internal citation omitted). Defendants' argument that Brooks did not suffer a violation of his constitutional rights is without merit, and is rejected.

Brooks' right to a hearing was also clearly established. The lodestar for determining whether a right was clearly established is whether the "contours of the right . . . [were] sufficiently clear that a reasonable official would understand that what he is doing violates that right." Schneyder v. Smith, 653 F.3d 313, 329 (3d Cir. 2011). That is the case here. First, the Extradition Act not only expressly grants the alleged fugitive the right to challenge his extradition through a writ of habeas corpus, 42 PA. CONS. STAT. § 9131, it is a third degree misdemeanor for an officer to deliver the alleged fugitive to the demanding state in "willful disobedience" of that right, id. § 9132. Brooks alleged that he filed his habeas petition with the Prothonotary of Cumberland County and hand-delivered copies of his petition to Reitz and Shenk, thereby placing them on notice that he was availing himself of his statutorily required right. See Schneyder, 653 F.3d at 329 (noting that the "ultimate question" is whether the official had "fair warning" that his conduct violated the plaintiff's rights). Second, the right to a hearing to contest an extradition has been recognized in case law for decades. See, e.g., Cuyler v. Adams, 449 U.S. 433, 443 (1981); Darcy, 111 F.2d at 411. The Supreme Court stated as long ago as 1885 that "a person charged as a fugitive from the justice of another state . . . is entitled to invoke the judgment of the judicial tribunals, whether of the state or the United

11

States, by the writ of habeas corpus, upon the lawfulness of his arrest and imprisonment." Roberts v. Reilly, 116 U.S. 80, 94-95 (1885).

The facts set forth in the complaint satisfactorily allege that Brooks' right to a hearing on his petition for a writ of habeas corpus was denied, and this right was clearly established at the pertinent time. Accordingly, Reitz and Shenk are not entitled to qualified immunity, and their motion to dismiss will be denied.

## IV. Conclusion

The court will grant the motion to dismiss in part and deny it in part. Because ADA defendants are absolutely immune from suit for their conduct undertaken in initiating extradition proceedings, leave to amend will be denied as futile. See Shane v. Fauver, 213 F.3d 113, 116 (3d Cir. 2000).

An appropriate order will issue.

    S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge

Dated: May 14, 2013

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **KENYATTA BROOKS,** | : | **CIVIL ACTION NO. 1:12-CV-2045** |
| | : | |
| Plaintiff | : | (Judge Conner) |
| | : | |
| v. | : | |
| | : | |
| **WARDEN EARL REITZ,** | : | |
| **LT. SHENK, UNIDENTIFIED** | : | |
| **CORRECTIONS OFFICERS** | : | |
| **JOHN/JANE DOE 1-5; ASSISTANT** | : | |
| **DISTRICT ATTORNEY** | : | |
| **CHRISTYLEE PECK;** | : | |
| **ASSISTANT DISTRICT ATTORNEY** | : | |
| **JAIME KEATING; and** | : | |
| **UNIDENTIFIED ASSISTANT** | : | |
| **DISTRICT ATTORNEYS JOHN/JANE** | : | |
| **DOE 1-3,** | : | |
| Defendants | : | |

## **ORDER**

AND NOW, this 14th day of May, 2013, upon consideration of defendants' motion (Doc. 9) to dismiss, and for the reasons set forth in the accompanying memorandum, it is hereby ORDERED as follows:

1. Defendants' motion is GRANTED with respect to any claims against the defendants Assistant District Attorneys Peck, Keating, and John/Jane Doe 1-3, arising out of their conduct at any extradition hearings. Brooks' complaint in this regard is DISMISSED with prejudice.

2. Defendants' motion is DENIED in all other respects.

3. Leave to amend is DENIED as futile.

                                                                 S/ Christopher C. Conner
                                                                 CHRISTOPHER C. CONNER
                                                                 United States District Judge